IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:24-CV-449-D-KS

| | |
|---|---|
| MICHJEFF, LLC and JEFFREY ALLAN MUELLER, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| FCX GLOBAL, INC., JARETT REINHARTZ, TEN TOES DOWN, INC., MICAH GABRIEL KATZ, NATE JONES, PRO THERAPY SUPPLIES, LLC, and XUONG TANG, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**ORDER**

This matter is before the court on the following motions, which have been referred to the undersigned for disposition pursuant to 28 U.S.C. § 636(b)(1)(A) by the Honorable James C. Dever III, United States District Judge:

    1.    Plaintiffs' motion to seal portions of Plaintiffs' Amended Complaint [DE #31];

    2.    Plaintiffs' motion to seal portions of exhibits submitted in support of Plaintiffs' Amended Motion for Preliminary Injunction [DE #41];

    3.    Plaintiffs' motion to seal portions of Plaintiffs' Memorandum of Law in Opposition to FCX Defendants' Motions to Dismiss [DE #64]; and

4. Plaintiffs' motion to seal portions of Plaintiffs' Memorandum of Law in Opposition to Ten Toes Down Defendants' Motion to Dismiss [DE #66].

Defendants Ten Toes Down, Inc., Micah Katz, Nate Jones, FCX Global, Inc., and Jarett Reinhartz have responded in opposition to two of the motions (Jt. Resp. Opp'n Mot. Seal [DE #36]; Jt. Resp. Opp'n Mot. Seal [DE #58]), and the time for further filings has expired. The motions are therefore ripe for decision.

## DISCUSSION

Federal courts recognize a public right to inspect and copy judicial records and documents, which "may be abrogated only in unusual circumstances." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 182 (4th Cir. 1988). "[P]ublic access promotes not only the public's interest in monitoring the functioning of the courts but also the integrity of the judiciary." *Doe v. Pub. Citizen*, 749 F.3d 246, 266 (4th Cir. 2014) (citing *Columbus-Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 203 F.3d 291, 303 (4th Cir. 2000)).

This right of public access to court records derives "from two independent sources: the common law and the First Amendment." *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004) (citing *Stone*, 855 F.2d at 180). If the First Amendment right of access applies, the court can only seal the documents because of a compelling governmental interest, and the restriction must be narrowly tailored to serve that interest. *Virginia Dep't of State Police,* 386 F.3d at 575. The common law right of access applies to all judicial records but "does not afford as much

2

substantive protection to the interests of the press and the public as does the First Amendment." *Id.* (quoting *Rushford v. New Yorker Magazine*, 846 F.2d 249, 253 (4th Cir. 1988)). To overcome the common law right of access, the party seeking to seal the documents bears the burden to show that "countervailing interests heavily outweigh the public interests in access." *Id.* In determining whether court records should be sealed, this court must follow the procedure established in *In re Knight Publ'g Co.*, 743 F.2d 231 (4th Cir. 1984).

Under this court's local rules, a motion to seal must be accompanied by a supporting memorandum absent a statute, rule, or order requiring that the filing be sealed. Local Civ. R. 79.2 (E.D.N.C. May 2023) (incorporating requirements of § V.G of CM/ECF Policy Manual). The memorandum must specify:

(i) The exact document or item, or portions thereof, for which the filing under seal is requested;

(ii) How such request to seal overcomes the common law or the First Amendment presumption to access;

(iii) The specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access;

(iv) The reasons why alternatives to sealing are inadequate; and

(iv) Whether there is consent to the motion.

CM/ECF Policy Manual § V.G.1(a). This information is necessary for the court to determine whether the public's interests in access have been overcome.

Plaintiffs' motions to seal are not accompanied by supporting memoranda, nor do they demonstrate a particularized need for sealing. Instead, they rely on N.C. Gen.

Stat. § 66-156, which provides that "a court shall protect an alleged trade secret by reasonable steps which may include . . . sealing the records of the action subject to further court order." Even assuming the statute imposes some burden on this court, it does not obviate the need for a supporting memorandum as required by this court's local rules. First, it is not clear that the information Plaintiffs seek to seal concerns a trade secret. Furthermore, the statute does not *require* sealing of records so as to exempt Plaintiffs from filing a memorandum. *See* CM/ECF Policy Manual § V.G.1(a). Plaintiffs have failed to overcome the presumption of public access, and their motions to seal must be denied.

Defendants have caused other filings to be provisionally sealed because they contain information which is the subject of Plaintiffs' motions to seal. Plaintiffs have not moved to seal these filings in accordance with this court's local rules, *see* CM/ECF Policy Manual § V.G.1(e)(ii) (giving a party seven days to file motion to seal following notice of provisional sealing). Because Plaintiffs have not overcome the presumption of public access in their instant motions, Defendants' provisionally sealed filings should be unsealed.

## CONCLUSION

For the foregoing reasons, it is ORDERED as follows:

1. Plaintiffs' motion to seal portions of Plaintiffs' Amended Complaint [DE #31] is DENIED.

2. Plaintiffs' motion to seal portions of exhibits submitted in support of Plaintiffs' Amended Motion for Preliminary Injunction [DE #41] is DENIED.

4

3. Plaintiffs' motion to seal portions of Plaintiffs' Memorandum of Law in Opposition to FCX Defendants' Motions to Dismiss [DE #64] is DENIED.

4. Plaintiffs' motion to seal portions of Plaintiffs' Memorandum of Law in Opposition to Ten Toes Down Defendants' Motion to Dismiss [DE #66] is DENIED.

5. Pursuant to Local Civil Rule 79.2(b)(3), the clerk is directed to maintain the following documents under seal in order to preserve the record:

    a. Amended Complaint [DE #30];

    b. Affidavit of Jeffrey Allan Mueller and attached exhibits [DE ##40 & 40-1 to 40-6];

    c. Plaintiffs' Memorandum of Law in Opposition to FCX Defendants' Motions to Dismiss [DE #63]; and

    d. Plaintiffs' Memorandum of Law in Opposition to Ten Toes Down Defendants' Motions to Dismiss [DE #65].

6. Plaintiffs shall have until **November 1, 2024**, to refile the aforesaid documents as public documents in conformity with Local Civil Rule 79.2(b)(3).

7. The clerk is directed to unseal the following filings provisionally sealed by Defendants:

    a. Joint Response in Opposition to Motion to Seal [DE #36];

    b. FCX Defendants' Brief in Support of Motion to Dismiss Amended Complaint [DE #47];

    c. Ten Toes Defendants' Memorandum in Support of Motion to Dismiss Amended Complaint [DE #50];

d. Reply Memorandum in Support of the Ten Toes Defendants' Motion to Dismiss Amended Complaint [DE #67]; and

e. FCX Defendants' Reply Brief in Support of Motion to Dismiss Amended Complaint [DE #68].

This 25th day of October 2024.

_____
KIMBERLY A. SWANK
United States Magistrate Judge